DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

BRENDAN RYAN,

Appellant,

v.

ROBERT D. ECKARD; THE LAW OFFICE OF ROBERT
ECKARD & ASSOCIATES, P.A.; and DREW K. PATTERSON,

Appellees.

No. 2D2025-1624

_____

August 14, 2026

Appeal from the Circuit Court for Pasco County; Amy M. Williams,
Judge.

Brendan Ryan, pro se.

Robert D. Eckard, pro se; Drew K. Patterson, pro s; and Peyton E.
Cochran of the Law Office of Robert Eckard & Associates, P.A., Palm
Harbor, for Appellees.

BLACK, Judge.

Brendan Ryan appeals from the order granting the Motion to
Vacate and/or Dismiss the Petition to Confirm Arbitration Award and
Enter Final Judgment filed by Robert Eckerd, The Law Office of Robert
Eckard & Associates, P.A., and Drew Patterson. The order dismissed Mr.
Ryan's petition to confirm an arbitration award and to enter final

judgment thereon.  We reverse and remand for entry of an order confirming the arbitration award.

On February 7, 2025, Mr. Ryan, through counsel, filed a petition to confirm arbitration award and enter final judgment, pursuant to sections 682.12 and 682.15, Florida Statutes (2024).  In the petition, Mr. Ryan alleged that an arbitration award in his favor had been entered against Robert Eckard, The Law Office of Robert Eckard & Associates, P.A., and Drew Patterson (collectively, Eckard).  Mr. Ryan attached to the petition the arbitration award, entered in Utah on December 23, 2024.  Mr. Ryan also attached the retainer agreement between Mr. Ryan and The Law Office of Eckard & Associates.  The retainer agreement included an arbitration provision requiring any dispute to be heard by The Florida Bar Arbitration Program with arbitration to occur in Pinellas County, Florida.  A separate document attached to the petition indicates that Mr. Ryan signed the retainer agreement on November 9, 2023.  Mr. Ryan also attached a document purporting to be an amendment to the arbitration provision and specifying that Mr. Ryan would unilaterally determine all aspects of arbitration, including jurisdiction and venue.  It further specified that "[b]y accepting consideration of a refundable fee of $5000, firm agrees that the rules set forth here, shall govern arbitration, of parties, should a dispute arise, out of the agreement."  The $5000 retainer was accepted by Eckard.

On February 28, 2025, Eckard filed a motion for extension of time to respond to the petition.  This motion was never ruled upon.  On March 19, 2025, the circuit court scheduled a mandatory case management conference for April 23, 2025, granted the motion to withdraw that had been filed by Mr. Ryan's counsel, and stayed the action for thirty days in order for Mr. Ryan to secure replacement counsel.

On March 25, 2025, Mr. Ryan filed a pro se motion for final judgment confirming the arbitration award. In that motion, Mr. Ryan asserted that pursuant to section 682.13(2), Eckard had ninety days from the date it received notice of the arbitration award to contest the award. Mr. Ryan alleged that the ninety days had expired on March 23, 2025, because Eckard received notice of the award on December 23, 2024.

On April 18, 2025, Mr. Ryan filed a memorandum in support of final judgment, again alleging that Eckard had not timely contested the arbitration award and that therefore, pursuant to section 682.12, the court was required to confirm the award. April 18 was also the date the court-ordered stay expired.

On April 22, 2025, Mr. Ryan again filed a motion for entry of a final judgment.[1] According to an order rendered May 7, 2025, at the April 23 case management conference the court ordered Eckard to file responses to Mr. Ryan's petition and other motions by May 5, 2025. Eckard filed its motion to vacate or dismiss the petition to confirm the arbitration award on May 5, 2025.

On June 18, 2025, the court rendered the order granting Eckard's motion to vacate and/or dismiss the petition to confirm the arbitration award. We reiterate that the order does not vacate the arbitration award; it dismisses the petition.

On appeal from that order, Mr. Ryan argues that the circuit court erred by entertaining Eckard's untimely motion and that the court could only confirm the arbitration award in compliance with section 682.12

---

[1] Notably, April 22 was the new date by which Eckard was required to file a motion to avoid confirmation of the award under the terms of the applicable statutes when taking into consideration the thirty-day stay.

where Eckard did not comply with the ninety-day timeframe for filing a motion to vacate as required by section 682.13.

Section 682.12 provides that

[a]fter a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court *shall* issue a confirming order unless the award is modified or corrected pursuant to [section] 682.10 or [section] 682.14 or is vacated pursuant to [section] 682.13.

(Emphasis added.) As relevant here, section 682.13(2) provides that a motion to vacate an arbitration award

must be filed within [ninety] days after the movant receives notice of the award pursuant to [section] 682.09 . . . unless the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within [ninety] days after the ground is known or by the exercise of reasonable care would have been known by the movant.

Here, under either basis for the motion to vacate, the ninety days began on December 23, 2024. Thus Eckard had until March 23, 2025, to file a motion to vacate.

Assuming without deciding that the circuit court's stay of the petition for confirmation was valid, the stay went into effect four days before the expiration of the ninety-day timeframe for filing a motion to vacate, resulting in a new expiration date of April 22, 2025.

"The language of section 682.12 is mandatory—the court must confirm the arbitration award unless a motion to vacate or modify has been filed within ninety days of delivery of the award." *Martinez v. Ring-Cent., Inc.*, 392 So. 3d 569, 572 (Fla. 4th DCA 2024) (quoting *SEIU Fla. Pub. Servs. Union, CTW, CLC (FPSU) v. City of Boynton Beach*, 89 So. 3d 960, 961 (Fla. 4th DCA 2012)); *cf. Nat'l Auto Serv. Ctrs., Inc. v. F/R 550,*

*LLC*, 192 So. 3d 498, 509 (Fla. 2d DCA 2016) ("A statute of repose . . . eliminates the underlying legal right; it 'precludes a right of action after a specified time . . . rather than establishing a time period within which the action must be brought measured from the point in time when the cause of action accrued.' " (quoting *Univ. of Miami v. Bogorff*, 583 So. 2d 1000, 1003 (Fla. 1991))).

> [T]he trial court does not have any discretion and must confirm the award unless one of the parties seeks to vacate, modify or correct the award within [ninety] days of delivery of the arbitrator's award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.

*Moya v. Bd. of Regents, State Univ. Sys. of Fla.*, 629 So. 2d 282, 284 (Fla. 5th DCA 1993) (footnotes omitted).

Confirmation of arbitration awards is statutorily governed; accordingly, "[t]he power of the courts with reference thereto must be found within the statute itself." *State Att'ys for Second, Seventh & Ninth Jud. Cirs. v. Fla. Pace Funding Agency*, 424 So. 3d 478, 484 (Fla. 2025) (quoting *State v. City of Miami*, 103 So. 2d 185, 188 (Fla. 1958)); *see also Harris v. Dazzo*, 419 So. 3d 175, 180 (Fla. 3d DCA 2025) ("[The Florida Arbitration Code] provide[s] a framework governing the rights and procedures for arbitration."). Chapter 682 "therefore prescribes the scope of judicial power" as to confirmation of arbitration awards. *See Fla. Pace Funding Agency*, 424 So. 3d at 484; *cf. City of Naples v. Wolff*, 391 So. 3d 617, 619 (Fla. 6th DCA 2024) ("In establishing the deadline for a party to request a trial de novo after nonbinding arbitration, the legislature, in section 44.103(5), expressly deferred to the rules promulgated by the supreme court, which includes the Florida Rules of Civil Procedure."). "[T]he 'form, content, procedure, and time for

5

pleading' are as prescribed by chapter [682] unless the rules of civil procedure specifically provide to the contrary." *See Fla. Pace Funding Agency*, 424 So. 3d at 485. The rules of civil procedure do not address the timeframes for petitions to confirm or motions to vacate arbitration awards.

Accordingly, the circuit court had no authority to extend the ninety-day period in which Eckard was required to file a motion to vacate or to modify. The motion to vacate was untimely, and the mandatory nature of the statute required the court to confirm the award.[2]

Our reversal is in no way a comment on the merits of Eckard's motion to the extent it was a motion to vacate.[3] Because Eckard raises a question of due process, we note that Eckard was provided due process both by the arbitrator and by the court via section 682.12: the arbitrator repeatedly asked for Eckard's input, including on the validity of the unilateral amendment to the arbitration provision, and the statute provides ninety days during which Eckard should have filed its motion to vacate. Moreover, the arbitrator suggested that Eckard could have filed a declaratory judgment action in Florida challenging the validity of the

---

[2] Section 682.12 contains no exceptions; only a motion to vacate or a motion to modify or correct allows the court to take any action other than confirming the arbitration award. Thus Eckard's motion to dismiss should not have been entertained regardless of whether it was filed within ninety days of notice of the arbitration award.

[3] We note that while the arbitration award was entered against Robert D. Eckard, The Law Office of Eckard & Associates, P.A., and Drew Patterson and Mr. Ryan sought confirmation of the award and final judgment against all three, the retainer agreement was between only Mr. Ryan and The Law Office of Eckard & Associates, P.A.

arbitration proceedings as an alternative to providing the arbitrator with evidence that the amendment was invalid or void.[4]

Rather than providing input on the validity of the unilateral amendment, Eckard sent several unprofessional and concerning emails to both the arbitrator and Mr. Ryan. The arbitration award details the emails received by the arbitrator containing threats of prosecution for unlicensed practice of law, among other unprofessional actions and language. In one email, Mr. Eckard stated, "Commit your crime and it will be reported." Another provided:

> While fools can undoubtedly engage in whatever conduct they decide, they are not free to choose the consequences, including you and UPL (a 3rd Degree felony in Florida). Any action you (or anyone else) take adverse to the firm or the attorneys will be dealt with in the appropriate forum and with equal or greater commitment. . . . NOTE: All communications are subject to disclosure to the Florida Bar and appropriate law enforcement agencies.

The Rules Regulating the Florida Bar state that a lawyer must not "present, participate in presenting, or threaten to present criminal

---

[4] *Cunningham v. MBNA America Bank, N.A.*, 8 So. 3d 438 (Fla. 2d DCA 2009), and *Katsock v. Kulbaski*, 985 So. 2d 55 (Fla. 4th DCA 2008), suggest that there is no issue with a Florida court confirming an out-of-state arbitration award where the arbitration agreement permits judgment to be rendered in Florida. *See Cunningham*, 8 So. 3d at 440 ("MBNA filed a complaint and an amended complaint in the trial court seeking damages and domestication of the arbitration award. Essentially, MBNA sought confirmation of the award." (first citing 9 U.S.C. § 9 (2000); and then citing § 682.12, Fla. Stat. (2001))); *Katsock*, 985 So. 2d at 56 ("[T]he arbitration clause provided that a judgment on the arbitration award could be rendered 'in any court, state or federal, having jurisdiction.' Thus, it was proper for Kulbaski to seek confirmation in a Florida court."). We have found nothing in chapter 682 precluding confirmation of an out-of-state arbitration award, and here, the arbitrator applied Florida law.

7

charges solely to obtain an advantage in a civil matter." R. Regulating Fla. Bar 4-3.4(g). And as this court has recently reiterated, "we encourage all members of the bar . . . to always be mindful of the principles inherent in the practice of law, including civility, collegiality, and professionalism." *Nguyen v. Williams*, 429 So. 3d 1105, 1112 (Fla. 2d DCA 2026); *see also Burger King Corp. v. Lastre-Torres*, 202 So. 3d 872, 877 (Fla. 3d DCA 2016) (Rothenberg, J., concurring) ("I have written this concurring opinion to remind counsel that all lawyers who practice in this State are governed by the Rules Regulating The Florida Bar, and specifically Rule 4–3.4, and that . . . counsel's actions may be sanctionable by the Florida Bar.").

The order on review is reversed, and we remand for entry of an order confirming the arbitration award.

Reversed and remanded.

ATKINSON and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.